# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

vs.

ALEXIS ROLON AYALA

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 8:04-cr-457-T-30EAJ
USM NUMBER: 42309-018

Defendant's Attorney: Terry C. Christian, cja.

**THE DEFENDANT:**

_X_ pleaded guilty to count(s) ONE, FOUR and FIVE of the Second Superseding Indictment.
__ pleaded nolo contendere to count(s) which was accepted by the court.
__ was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 21 U.S.C. §§841(a)(1), (b)(1)(A)(i), and 846 | Conspiracy to Distribute and Possession With Intent to Distribute One Kilogram or More of a Mixture or Substance Containing Heroin | September 23, 2004 | One |
| 21 U.S.C. §§841(a)(1) & (b)(1)(C) | Distribution of a Mixture or Substance Containing Heroin | April 19, 2004 | Four |
| 21 U.S.C. §§841(a)(1) & (b)(1)(C) | Distribution of a Mixture or Substance Containing Heroin | August 24, 2004 | Five |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__ The defendant has been found not guilty on count(s)
_X_ Count(s) ONE of the Indictment and Count ONE of the First Superseding Indictment are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: January 27, 2005

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE
DATE: February ___/___, 2006

| | | |
|---|---|---|
| Defendant: | ALEXIS ROLON AYALA | Judgment - Page 2 of 6 |
| Case No.: | 8:04-cr-457-T-30EAJ | |

## IMPRISONMENT

**After considering the advisory sentencing guidelines and all of the factors identified in Title 18 U.S.C. §§ 3553(a)(1)-(7), the court finds that the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.**

**The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of TWO HUNDRED and SIXTY-TWO (262) MONTHS. This term consists of terms of 262 months on Count One, and 240 months as to Counts Four and Five, all such terms to run concurrently with each other.**

___ The court makes the following recommendations to the Bureau of Prisons:

_X_ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

    ___ at ___ a.m./p.m. on ___.
    ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    ___ before 2 p.m. on ___.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.

                                                                     United States Marshal

                                          By:_____

                                          Deputy Marshal

| | |
|---|---|
| Defendant: ALEXIS ROLON AYALA | Judgment - Page 3 of 6 |
| Case No.: 8:04-cr-457-T-30EAJ | |

## SUPERVISED RELEASE

**Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS. This term consists of a FIVE (5) year term as to Count One, and a THREE (3) year term as to Counts Four and Five, all such terms to run concurrently with each other.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

X   The defendant, having been convicted of a qualifying felony, shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| Defendant: | ALEXIS ROLON AYALA | Judgment - Page 4 of 6 |
|---|---|---|
| Case No.: | 8:04-cr-457-T-30EAJ | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

__X__   The defendant shall participate, as directed by the Probation Officer, in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency. This program may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services.

__X__   The defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable to by Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

__X__   The mandatory drug testing provisions shall apply pursuant to the Violent Crime Control Act. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year.

Defendant:     ALEXIS ROLON AYALA                                      Judgment - Page 5 of 6
Case No.:      8:04-cr-457-T-30EAJ

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|            | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $300.00 | Waived | N/A |

\_ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

\_ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States.

| **Name of Payee** | ***Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| Totals: | $ | $ | |

\_ Restitution amount ordered pursuant to plea agreement  $_____.

\_ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

\_ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  \_ the interest requirement is waived for the ___ fine ___ restitution.

  \_ the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

| | | |
|---|---|---|
| Defendant: | ALEXIS ROLON AYALA | Judgment - Page  6  of  6 |
| Case No.: | 8:04-cr-457-T-30EAJ | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__ Lump sum payment of $ __300.00__ is due immediately, balance due

        ___ not later than _____, or

        ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B. ___ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ___ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. ___ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_    Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

_    The defendant shall pay the cost of prosecution.

_    The defendant shall pay the following court cost(s):

_X_   The defendant shall forfeit the defendant's interest in the following property to the United States:

The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, which are in the possession or control of the defendant or the defendant's nominees. The Court hereby incorporates the Forfeiture Money Judgment entered on 1/27/2006 to this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : CASE NO. 8:04-cr-457-T-30EAJ |
| ALEXIS ROLON AYALA, | : |
| Defendant. | : |

## FORFEITURE MONEY JUDGMENT

THIS CAUSE comes before the Court upon the filing of the Motion of the United States of America for entry of a Forfeiture Money Judgment (Dkt. #492) in the amount of $1,500,000.00 in United States currency which, at sentencing, shall become a final order of forfeiture as defendant Alexis Rolon Ayala who is jointly and severally liable to the United States, along with all other defendants found guilty of the heroin trafficking conspiracy charged in Count One of the Second Superseding Indictment filed in the instant case.

The court hereby finds that $1,500,000.00 in United States currency is the amount of funds obtained by the defendant as a result of the conspiracy charged in Counts One and the distribution charged in Counts Four and Five of the Second Superseding Indictment for which defendant pled guilty. Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED that for good cause shown, said Motion of the United States (Dkt. #492) is **GRANTED**.

It is further ORDERED that defendant Alexis Rolon Ayala is jointly and severally liable with all other defendants found guilty of the heroin trafficking conspiracy charged in Count One of the Second Superseding Indictment, pursuant to the provisions of 21 U.S.C.

§ 853 and Fed. R. Crim. P. 32.2(b)(2), for a forfeiture money judgment in the amount of $1,500,000.00 in United States currency, which represents the like amount of proceeds the defendant and others obtained as a result of the conspiracy to sell heroin.

**DONE** and **ORDERED** in Tampa, Florida on January 27, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies to:</u>
Adelaide G. Few, AUSA
All Attorneys of Record

F:\Docs\2004\04-cr-457.Money FJ Ayala.wpd